**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY ) <br> OF NEW YORK ) <br> 605 Waterford Park ) <br> 605 N. Hwy. 169, Suite 800 ) <br> Plymouth, MN  55441 ) <br>  ) <br>       Plaintiff, ) <br>  ) <br> v.  ) <br>  ) <br> VMT LONG TERM CARE ) <br> MANAGEMENT, INC. ) <br> 901 1st Street, N.W. ) <br> Washington, D.C.  20001 ) <br>  ) <br> Serve: Clifford E. Barnes (Registered Agent) ) <br>       1227 25th Street, N.W., Suite 700 ) <br>       Washington, D.C.  20037 ) <br>  ) <br> and ) <br>  ) <br> JULIUS P. TERRELL, AS PERSONAL ) <br> REPRESENTATIVE OF THE ESTATE OF WILLIAM ) <br> T. MICKENS SR. ) <br> 1455 Pennsylvania Avenue, N.W., Suite 400 ) <br> Washington, D.C.  20004 ) <br>  ) <br>       Defendants. ) <br> _____) | Civil No. _____ |

**HOMELAND INSURANCE COMPANY OF NEW YORK'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Homeland Insurance Company of New York ("Homeland"), for its complaint against Defendants VMT Long Term Care Management, Inc. ("VMTLTC") and Julius P. Terrell, as Personal Representative of the Estate of William T. Mickens Sr. (the "Mickens Estate"), alleges as follows:

## NATURE OF THE ACTION

1. This action concerns coverage under a claims-made and reported liability insurance policy (the "Policy") for VMTLTC, a nursing home owner in Washington, D.C. that operates under the name Unique Residential Care Center ("URCC"). On April 1, 2014, William T. Mickens Sr. ("Mickens"), a URCC resident, fell and died on April 10, 2014. In February 2015, during the Policy's effective period, counsel for the Mickens Estate notified VMTLTC of its negligence and wrongful death claim against VMTLTC and its intention to file suit against VMTLTC. The notice letter was a "claim," as that term is defined by the Policy. After the Policy's effective period expired, the Mickens Estate filed a negligence and wrongful death action against VMTLTC in the Superior Court for the District of Columbia on September 18, 2015. The lawsuit is styled *Julius P. Terrell, as Personal Representative of the Estate of William T. Mickens Sr. v. VMT Long Term Care Management d/b/a Unique Residential Care Center*, Case No. 2015 CA 007217 M (D.C. Sup. Ct.) (the "Mickens Estate Action") (the Mickens Estate February 2015 notice letter and the Mickens Estate Action are referred to collectively herein as the "Mickens Estate Claim"). VMTLC did not provide notice of the Mickens Estate Claim until October 29, 2015. By way of this action, Homeland seeks a judicial declaration that the Policy does not provide any potential coverage for the Mickens Estate Claim and therefore Homeland has no duty to defend or indemnify VMTLTC in response to that Claim because the Claim was not reported to Homeland within the Policy's reporting period or as soon as practicable.

## PARTIES

2. Plaintiff Homeland is a New York corporation with its principal place of business in Plymouth, Minnesota.

3. Defendant VMTLTC is a District of Columbia corporation with its principal place of business in Washington, D.C.

4. Defendant Julius P. Terrell, as Personal Representative of the Estate of William T. Mickens Sr., is deemed, pursuant to 28 U.S.C. § 1332(c)(2), to be a citizen of the District of Columbia because Mickens was a resident of the District of Columbia.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Defendants and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are residents of the District of Columbia and a substantial part of the events or omissions giving rise to this action occurred in this District.

7. Homeland brings this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties regarding the coverage afforded under the Policy for the Mickens Estate Claim.

## FACTUAL ALLEGATIONS

### The Policy

8. Homeland issued Long Term Care Organization Professional Liability, General Liability and Employee Benefit Liability Policy No. LTC-6308-14 (the aforementioned "Policy") to JB Johnson Nursing Center, Inc.

9. A true and correct copy of the Policy is attached as Exhibit A.

10. The Policy was effective for the Policy Period[1] from May 31, 2014 to May 31, 2015. (Ex. A, Policy, Declarations, Item 2).

11. The Policy's Declarations highlight in bold and capital letters that the Policy provides claims-made and reported coverage:

> **PORTIONS OF THIS POLICY PROVIDE CLAIMS MADE AND REPORTED COVERAGE, WHICH APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR AN APPLICABLE EXTENDED REPORTING PERIOD AND REPORTED IN ACCORDANCE WITH THIS POLICY'S REPORTING PROVISIONS. PLEASE READ THIS POLICY CAREFULLY.**

(*Id.*, Declarations, Item 6).

12. Insuring Agreement A of the Policy provides Claims Made Professional Liability Insurance, which states:

> [Homeland] will pay up to the applicable Limit of Liability shown in ITEM 4.A. of the Declarations on behalf of the **Insured** any **Loss** that the **Insured** is legally obligated to pay as a result of any covered **Claim** for a **Professional Services Wrongful Act** happening on or after the **Retroactive Date**; provided, that the **Claim** is first made against the **Insured** during the **Policy Period** or applicable Extended Reporting Period and reported to [Homeland] in accordance with GENERAL CONDITION (C) of this Policy.

(*Id.* § I(A)).

13. VMTLTC is an Insured under the Policy. (*Id.* § II(U) & Endorsement No. 5).

---

[1] Capitalized terms are defined terms in the Policy.

- 4 -

14. The Policy defines a Claim as "any written notice received by an **Insured** that any person or entity intends to hold an **Insured** responsible for a **Wrongful Act** or an **Occurrence**." (*Id.* § II(H)).

15. The Policy's definition of Wrongful Act includes a Professional Services Wrongful Act, which the Policy defines, in relevant part, as "any actual or alleged act, error or omission, or series of acts, errors or omissions, by any **Insured** in rendering, of failing to render, **Professional Services**." (*Id.* § II(MM)).

16. Professional Services include Medical Services, which the Policy defines, in relevant part, as "health care, medical care, or treatment provided to any individual." (*Id.* § II(AA)).

17. General Condition (C) of the Policy, which is referenced in the Policy's Insuring Agreement and addresses the Reporting of Claims, provides, in relevant part:

> If during the **Policy Period** or any Extended Reporting Period, any **Claim** for a **Wrongful Act** or **Occurrence** under INSURING AGREEMENT (A), (B) or (C) is first made against an **Insured**, as a condition precedent to its right to any coverage under this Policy, the **Insured** shall give [Homeland] written notice of such **Claim** as soon as practicable thereafter, but in no event later than:
>
> (a)   thirty (30) days after the Expiration Date or earlier cancellation date of this Policy; or
>
> (b)   the expiration of any Extended Reporting Period.
>
> Timely and sufficient notice by one **Insured** of a **Claim** shall be deemed timely and sufficient notice for all **Insureds** involved in the **Claim**. Such notice shall give full particulars of the **Claim**, including by not limited to: a description of the **Claim** and **Wrongful Act** or **Occurrence**; the identity of the patient, all potential claimants and the health care provider(s) and any **Insureds** involved; a description of the injury or damages that resulted from such **Wrongful Act** or **Occurrence**; information on the time, place and nature of the **Wrongful Act** or **Occurrence**; and the manner in which the **Insured** first became aware of such **Wrongful Act** or **Occurrence**.

(*Id.* § IV(C) (the "Reporting of Claims Provision")).

18. The Policy's Expiration Date was May 31, 2015. (*Id.*, Declarations, Item 2).

19. The Policy states that notice to Homeland must be sent to:

> Chief Claims Officer
> OneBeacon Professional Insurance
> 199 Scott Swamp Road
> Farmington, CT  06032
> obpiclaims@onebeacon.com

(*Id*., Declarations, Item 6).

20. The Policy also includes Claim Reporting Guidelines, which provide additional guidance to the Insured regarding the reporting of claims and potential claims. The Guidelines provide "examples of the types of events that should be reported in accordance with the general conditions regarding Reporting of Claims, Occurrences and Circumstances under your One Beacon policy," which includes "Falls resulting in injury," "Serious injury (including but not limited to, paraplegia; quadriplegia; or severe neurological impairment); "Oral or written demands for damages;" and "Communication from an attorney regarding any of the events noted above." The Guidelines also reiterate that notice to Homeland must be sent to the Chief Claims Officer at OneBeacon Professional Insurance in Farmington, CT, with the email address of obpiclaims@onebeacon.com. (*Id*., Claim Reporting Guidelines).

21. Insuring Agreement A is subject to a $1 million limit of liability for each Claim. (*Id.*, Declarations, Item 4).

22. The Policy also provides that Homeland has the right and duty to defend any Claim that is covered under Insuring Agreement A, and that Defense Expenses incurred by Homeland in defense of a Claim do not deplete the limit of liability. (*Id.* § I(F)).

**The Mickens Estate Claim**

23. On February 24, 2015, counsel for the Mickens Estate sent a notice of claim letter to VMTLTC (the "Notice Letter"), the purpose of which was "to notify you of Plaintiffs' intention to file a lawsuit against [VMTLTC] pursuant to D.C. Code § 16-2802 and provide relevant information regarding the claim at issue."

24. A true and correct copy of the Notice Letter is attached as Exhibit B.

25. The Notice Letter outlined the estate's claim against VMTLTC stemming from VMTLTC's purported negligence that led to Mickens' fall at URCC and his subsequent death, as well as the damages that the estate would be seeking, including survivorship claims for physical injuries, pain and suffering, wrongful death damages, economic damages for medical bills, and punitive and treble damages.

26. The Notice Letter also asked VMTLTC "to notify your insurance carrier . . . of this claim," observing that "a [f]ailure to do so may result in denial of coverage for this loss."

27. On September 18, 2015, the Mickens Estate filed the Mickens Estate Action against VMTLTC in the Superior Court for the District of Columbia.

28. A true and correct copy of the Mickens Estate Action Complaint is attached hereto as Exhibit C.

29. The Complaint alleges that Mickens, who suffered from dementia, sustained a neck fracture on April 1, 2014 at URCC after being allowed to wander the facility unaccompanied and unsupervised by staff, and that Mickens later died on April 10, 2014 from complications resulting from the neck fracture.

30. The Complaint alleges that VMTLTC and its staff were negligent, breached applicable standards of care, and violated state and federal regulations in their care of Mickens,

which purported wrongdoing led to his fall and subsequent death.  The Complaint states counts for negligence and survivorship (Count I), wrongful death (Count II), and violation of D.C. Code § 44-1004.03, *et seq.* (Count III), and seeks $3 million in compensatory damages and statutory treble damages.

31. VMTLTC was served with the Mickens Estate Action on October 21, 2015.

32. On October 29, 2015, the first notice of the Mickens Estate Claim was provided to Homeland.

33. A true and correct copy of the notice to Homeland of the Mickens Estate Claim is attached hereto as Exhibit D.

34. Homeland disclaims coverage under the Policy for the Mickens Estate Claim because the Claim was not reported to Homeland as soon as practicable or during the Policy's claims-made and reported period.

## COUNT I

**Declaratory Judgment
Homeland Has No Duty to Defend or Indemnify VMTLTC
in Response to the Mickens Estate Claim Because the Claim
Was Not Reported to Homeland as soon as Practicable or
Within Thirty (30) Days of the Policy's Expiration Date**

35. Homeland repeats and incorporates by reference the allegations in Paragraphs 1 through 34 above, as if fully set forth herein.

36. The Policy only affords coverage for Claims that are "first made against the **Insured** during the **Policy Period** . . . and reported to [Homeland] in accordance with GENERAL CONDITION (C) of this Policy." (Ex. A, Policy § I(A)).

37. As set forth above, Condition (C) of the Policy, which addresses the Reporting of Claims, required VMTLTC, as a condition precedent to coverage, to provide written notice to

Homeland of the Mickens Estate Claim as soon as practicable and in no event later than thirty (30) days after the Policy's May 31, 2015 Expiration Date.

38. VMTLTC first provided notice to Homeland of the Mickens Estate Claim on October 29, 2015.

39. Notice to Homeland of the Mickens Estate Claim was not provided as soon as practicable or within thirty days of the Policy's May 31, 2015 Expiration Date.

40. Accordingly, the Mickens Estate Claim is not a Claim first made during the Policy Period *and* reported to Homeland in accordance with the Policy's Reporting of Claims Provision.

41. Homeland therefore is entitled to a declaratory judgment that, under the Policy, it Homeland has no duty to defend or indemnify VMTLTC in response to the Mickens Estate Claim.

## COUNT II

### Reservation of Rights

42. Homeland repeats and incorporates by reference the allegations in Paragraphs 1 through 41 above, as if fully set forth herein.

43. Homeland has reserved all of its rights under the Policy and applicable law. By seeking a declaratory judgment based on the Policy's Reporting of Claims Provision, Homeland does not waive any potential coverage defenses pursuant to any of the Policy's terms, conditions, and exclusions. Developments in connection with this lawsuit and the Mickens Estate Claim may render additional defenses to coverage ripe for judicial determination.

## PRAYER FOR RELIEF

WHEREFORE, Homeland prays that this Court order, adjudge, and decree the following relief:

A. A judicial declaration that, under the Policy, Homeland has no duty to defend or indemnify VMTLTC in response to the Mickens Estate Claim;

B. A judicial declaration of the respective rights and obligations of Homeland and VMTLTC under the Policy with respect to the Mickens Estate Claim; and

C. An order awarding Homeland such additional relief as shall be found to be appropriate under the circumstances.

## JURY DEMAND

Homeland demands a trial by jury on all issues so triable.

Dated: November 23, 2015                                   Respectfully submitted,

                                       /s/ Charles W. Chotvacs
                                      Thomas J. Judge (D.C. Bar No. 456098)
                                      Charles W. Chotvacs (D.C. Bar No. 484155)
                                      Loss, Judge & Ward, LLP
                                      Hamilton Square
                                      600 14th Street, N.W., Suite 450
                                      Washington, D.C.  20005
                                      Tel: (202) 778-4060
                                      Fax: (202) 778-4099
                                      tjudge@ljwllp.com
                                      cchotvacs@ljwllp.com

                                      *Counsel for Plaintiff*
                                      *Homeland Insurance Company of New York*